William Stephen CRAIN and Herbert F. Ellstrom, Appellants, Cross-Appellees,

v.

CITY OF MOUNTAIN HOME, ARKANSAS; William M. Klemm, Phoebe Atkins, Jerry Flanders, Darrell Bennett, Bill Blevins and Rock J. Engeler, Individually and as Former or Present Members of the City Council of the City of Mountain Home, Arkansas, Appellees, Cross-Appellants.

Nos. 79–1589, 79–1602.

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 9, 1979.

Decided Dec. 28, 1979.

John L. Burnett, Little Rock, Ark., for appellants, cross-appellees; Henry I. La-Haie and John T. Lavey, Little Rock, Ark., on brief.

H. David Blair, Murphy, Blair, Post & Stroud, Batesville, Ark.; for appellees, cross-appellants; James W. Atkins, Mountain Home, Ark., on brief.

Before GIBSON, Chief Judge, and ROSS and STEPHENSON, Circuit Judges.

ROSS, Circuit Judge.

This is an appeal from the partial dismissal[1] of a complaint filed by William Stephen Crain, Edward C. Beatty, Jr., and Herbert F. Ellstrom to redress alleged deprivations of the rights, privileges, and immunities secured by Article I, Section 10, and the first and fourteenth amendments to the United States Constitution. The City of Mountain Home, Arkansas, and William M. Klemm, Phoebe Atkins, Jerry Flanders, Darrell Bennett, Bill Blevins and Rock J. Engeler, individually and as former or present members of the City Council of Mountain Home, Arkansas, as defendants below, cross-appeal those portions of the judgment granting Crain equitable and declaratory relief, and awarding him attorney's fees. We affirm in part, reverse in part, and remand for further proceedings.

I

Crain was appointed by the City Council of Mountain Home in January of 1978 to fill the unexpired term of the previous city attorney. At the time, this elective position paid $8400 a year and permitted the private practice of law. In September of 1978 Crain filed as an independent candidate for the position of City Attorney, the next term of office being from January 1, 1979 through December 31, 1982.

On November 6, 1978, the eve of the election, the council sought but was refused Crain's voluntary resignation. Shortly before midnight, and fully cognizant that Crain was the sole candidate for City Attorney on the next day's general election ballot, the council enacted: (1) Ordinance 534,[2]

---

1. The Honorable Paul X Williams, United States District Judge for the Western District of Arkansas, presiding.

2. 
ORDINANCE NO. 534

AN ORDINANCE ESTABLISHING THE ANNUAL SALARY AND COMPENSATION OF THE CITY ATTORNEY OF THE CITY OF MOUNTAIN HOME, ARKANSAS, BEGINNING JANUARY 1, 1979, AND ANNUALLY THEREAFTER; AND FOR OTHER PURPOSES.
NOW, THEREFORE, BE IT ORDAINED BY THE CITY COUNCIL OF THE CITY OF MOUNTAIN HOME, ARKANSAS.
1. Beginning January 1, 1979, and annually thereafter, the salary and compensation of the City Attorney of the City of Mountain Home, Arkansas, is established and set at the sum of ($1.00) per annum.
2. The City Attorney shall, beginning January 1, 1979, and continuing thereafter until repealed or altered by the Council, receive no other compensation of any kind or form including but not limited to expenses or other obligations incurred by virtue of holding said office.
3. The City Attorney shall not be authorized to charge or incur any debt or obligation for which the City of Mountain Home could be liable.
4. The City Attorney shall not be permitted to engage in the private practice of law in any manner or form whatsoever while elected to or holding said office.
5. All fees and fines collected by the City Attorney shall be turned over to the City Treasurer for deposit by her into general city revenues.
6. Should any portion of this ordinance be subsequently deemed invalid by a competent Court, such invalidity of said portion shall not affect the validity of any other portion of this ordinance which shall remain in full force and effect.
7. All ordinances or resolutions or parts of ordinances or resolutions in conflict herewith are hereby repealed.
8. This ordinance being necessary for the immediate preservation of the public peace,

which reduced the City Attorney's salary to $1.00 per year beginning in 1979 and prohibited the City Attorney from engaging in the private practice of law; and (2) Ordinance 535[3] to remove Crain from office for the remainder of the term he was filling.

By virtue of his unopposed candidacy, Crain was elected City Attorney of Mountain Home, Arkansas, for the next term. Crain assumed office on January 1, 1979, but filed this suit on February 1, 1979, and advised the council that he believed the ordinances to be unconstitutional.

The portion of Ordinance 534 prohibiting the City Attorney from engaging in private law practice was repealed by Mountain Home Ordinance 544 the day before a hearing was held regarding Crain's motion for a preliminary injunction. After the trial judge expressed doubts as to the constitutionality of Mountain Home Ordinance 535, the council passed Mountain Home Resolution 109 authorizing payment to Crain of back salary and benefit entitlements for the period from November 6, 1978, through December 31, 1978.

Crain's complaint for declaratory and injunctive relief was denied as to Ordinance 534 but granted as to Ordinance 535. The district court awarded Crain $3,000 in attorney's fees pursuant to 42 U.S.C. § 1988, but noted that Crain had accepted payment by the council of his back salary and benefits for 1978. Accordingly, the district court

denied Crain further compensation for that period.

## II

Crain contends that Ordinances 534 and 535 are bills of attainder in violation of Article I, Section 10 of the Constitution.[4] The imposition on an easily identifiable individual or class of a sanction of mandatory forfeiture of job or office has long been considered punishment under the bill of attainder clause. *Nixon v. Administrator of General Services*, 433 U.S. 425, 469, 97 S.Ct. 2777, 53 L.Ed.2d 867 (1977); *United States v. Lovett*, 328 U.S. 303, 316, 66 S.Ct. 1073, 90 L.Ed. 1252 (1946). Thus,

The deprivation of any rights, civil or political, previously enjoyed, may be punishment, the circumstances attending and the causes of the deprivation determining this fact. Disqualification from office may be punishment, as in cases of conviction upon impeachment. Disqualification from the pursuits of a lawful avocation, or from positions of trust, or from the privilege of appearing in the courts, or acting as an executor, administrator, or guardian, may also, and often has been, imposed as punishment.

*United States v. Brown*, 381 U.S. 437, 448, 85 S.Ct. 1707, 1714, 14 L.Ed.2d 484 (1965), *quoting Cummings v. Missouri*, 71 U.S. 277, 4 Wall. 277, 320, 18 L.Ed. 356 (1867).

---

health and safety, an emergency is hereby declared to exist and the same shall be in full force and effect immediately upon its passage and publication.
PASSED AND APPROVED THIS 6th DAY OF NOVEMBER, 1978.
APPROVED:
William M. Klemm, Mayor.

3.      ORDINANCE NO. 535
AN ORDINANCE REMOVING WILLIAM STEPHEN CRAIN FROM OFFICE AS CITY ATTORNEY FOR THE CITY OF MOUNTAIN HOME, ARKANSAS.
NOW, THEREFORE, BE IT ORDAINED BY THE CITY COUNCIL OF MOUNTAIN HOME, ARKANSAS.
1. William Stephen Crain, having been previously appointed as City Attorney for the City of Mountain Home, Arkansas, is hereby removed from said office and said office is

hereafter declared to be vacant until a successor is appointed.
2. All ordinances and resolution or parts thereof in conflict herewith are hereby repealed.
3. This ordinance being necessary for the immediate preservation of the public peace, health and safety, an emergency is hereby declared to exist and the same shall be in full force and effect immediately after its passage and publication.
PASSED AND APPROVED THIS 6th DAY OF NOVEMBER, 1978.
APPROVED:
William M. Klemm, Mayor.

4. U.S.Const. art. I, § 10 provides that
No State shall * * * pass any Bill of Attainder * * *.

Ordinance 535 falls squarely within these definitions of a bill of attainder. That legislation clearly names an individual "in such a way as to inflict punishment on [him] without a judicial trial," [5] *United States v. Lovett, supra*, 328 U.S. at 315, 66 S.Ct. at 1079, by requiring Crain to forfeit his job. We conclude, therefore, that the district court was correct in declaring Ordinance 535 unconstitutional.

Ordinance 534, while facially constitutional,[6] factually constitutes improper action taken by the council in an effort to make Crain forfeit his position since, as a practical matter, its intent was to punish him if he accepted the rights and obligations of his elective position. Because Ordinance 534 is prospective in application, and salaries of elective officials may be specified by city officials pursuant to Ark.Stat. § 19–1025.1, the district court decided that the ordinance was not penal. But legislation which inflicts a deprivation on named or described persons or groups constitutes a bill of attainder whether its aim is retributive, punishing past acts, or preventive, as in this case, discouraging future conduct. *See United States v. Brown, supra*, 381 U.S. at 458, 85 S.Ct. 1707.

The city contends that such considerations as competing demands for city funds and the necessity of employing additional counsel to handle the city's legal problems dispel any punitive characterization of the ordinance. However, "the law under challenge, viewed in terms of the type and severity of burdens imposed," cannot "reasonably * * * be said to further [these]

nonpunitive legislative purposes." *Nixon v. Administrator of General Services, supra*, 433 U.S. at 475–76, 97 S.Ct. at 2806–2807. Indeed, these considerations are belied by the council's own actions. Only two days after reducing the salary of the prospective city attorney to $1.00 per year, the council resolved to hire an attorney at $40 per hour to fill that position for the remainder of Crain's initial term of office. That attorney received $2,283 in fees for part-time legal services rendered.

We conclude that the dual proscription of limiting the city attorney's salary to $1.00 per annum when in fact Crain was uncontested in his bid for the election, passed simultaneously with an ordinance removing Crain from office on the eve of the election, was punitive in that it intended to constructively bar him from assuming the position to which he was duly elected by the people of Mountain Home. Accordingly, we hold Ordinance 534 and its implementing Resolution 105 unconstitutional as bills of attainder. We therefore order that Crain be compensated for lost wages and benefits for the duration of his current term of office at the rate of pay and benefits authorized prior to the enactment of Ordinance 534.

### III

The district court awarded Crain $3,000 in attorney's fees pursuant to 42 U.S.C. § 1988. In our opinion, the award suggested by the trial court is grossly inadequate.[7] The "minimum award should gen-

---

5. The action taken by the city council is especially egregious in light of the fact that there is a proper statute for the removal of elective officials guilty of malfeasance in office through Arkansas court procedures. *See* Ark.Stat. § 19–919.

6. Under state law, there is no right to any particular compensation for a future term, *City of Augusta v. Angelo*, 225 Ark. 884, 286 S.W.2d 321 (1956), and the city council may specify the salary of the city attorney. Ark.Stat. § 19–1025.1. Viewed in context, *Nixon v. Administrator of General Services*, 433 U.S. 425, 472, 97 S.Ct. 2777, 53 L.Ed.2d 867 (1977), Ordinance 534, passed simultaneously with Ordinance 535 purporting to remove Crain from office, was obviously directed at Crain in an effort to pun-

ish him in the event he chose to assume his duly elected position.

7. The district court felt that an award in excess of $3,000 would be unreasonable, reasoning that the case was simple and that Crain was unsuccessful in part. However, attorney's fees awarded under Section 1988 should not be limited to hours expended on those issues as to which the plaintiff was successful. *See Brown v. Bathke*, 588 F.2d 634, 638 (8th Cir. 1978). Since Crain's attorneys submitted a total of 277 hours, the award amounts to less than $10 per hour. Not only is this an extremely small award, but it is especially inadequate in light of the fact that Crain should have prevailed on both counts.

erally not be less than the number of hours claimed times the attorney's regular hourly rate." *Zoll v. Eastern Allamakee Community School District*, 588 F.2d 246, 252 (8th Cir. 1978). The fees awarded in this case should be in a fair and reasonable amount in accordance with the guidelines set forth by the court in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974). On remand, a minimum fee of at least $40 per hour should be awarded for services of appellant's attorneys in the district court. (The City of Mountain Home agreed to pay that rate to an attorney hired to replace Crain as City Attorney in 1978.)

The decision of the district court is affirmed insofar as it declares Ordinance 535 unconstitutional, reversed insofar as it upholds Ordinance 534 as constitutional, and the cause is remanded with directions to reassess the award of attorney's fees to Crain in light of the aforementioned guidelines.

All costs, including an attorney's fee of $2,000 for services in this court, shall be assessed against the appellees and cross-appellants.