**606**

CONTINENTAL BANK & TRUST CO., as Trustee for the Lot Purchasers, and Calwood Leisure Assn., Inc., Donald L. Owens, Harold D. Barnhard, and Maurice Stack, Appellees,

v.

AMERICAN BONDING COMPANY, Appellant,

v.

Richard D. WALKER, John W. Markham, Systems Leisure Properties, Inc. and Camp Leisure Lakes, Inc., Appellees.

No. 80–1127.

United States Court of Appeals, Eighth Circuit.

Submitted June 9, 1980.

Decided Sept. 10, 1980.

Rehearing and Rehearing En Banc Denied Oct. 13, 1980.

Charles B. Blackmar (argued), and Francis L. Kenney, Jr., St. Louis, Mo., on brief, for appellant.

John R. McFarland (argued), Coburn, Croft & Putzell, St. Louis, Mo., and Bruce H. Beckett (argued), Smith, Lewis & Rogers, Columbia, Mo., for appellees; Louis F. Bonacorsi, St. Louis, Mo., Robert C. Smith, Jr., Columbia, Mo., and D. Jeff Lance, St. Louis, Mo., on brief.

Before ROSS, Circuit Judge, GIBSON, Senior Circuit Judge, and HANSON, District Judge.[*]

ROSS, Circuit Judge.

This is the second appeal in an action brought by Continental Bank & Trust Company (Continental, the bank) for recovery from American Bonding Company (American, the surety) on five performance bonds totaling $661,000.00 for the noncompletion of bonded improvement projects by Systems Leisure Properties, Inc. (Systems, the principal).

The district court initially awarded Continental the full face amount of the bond. *Continental Bank & Trust Co. v. Am. Bonding Co.,* 462 F.Supp. 123 (E.D.Mo. 1978). On appeal, this court affirmed the district court's finding that American was liable on the bonds but remanded for a redetermination of damages owed by the surety for the principal's default.

We disagreed with the district court's conclusion that damages be computed as of the date of trial and directed that the district court award damages as of the date of System's breach. As of that date, the district court was to determine the cost of completion of each of the bonded improvements individually, including in that computation the amount of unpaid mechanics' liens thereon. From that total the district court was directed to deduct "the amounts Systems would have been paid had it satisfactorily completed each of the improvements," the award of damages for each bond not to exceed the face amount of the bond issued for that particular improvement. *Continental Bank & Trust Co. v. Am. Bonding Co.,* 605 F.2d 1049, 1057 (8th Cir. 1979).

On remand, the district court determined that Systems defaulted when the improvements should have been, but were not, completed: December 31, 1974, on the water system bond and December 31, 1975, on all other bonds. As of those dates of default, it computed damages by adding the cost of completion and liens, to the extent that figure did not exceed the face value of each bond. It also ordered prejudgment interest at a rate of six percent, costs and attorneys' fees. Accordingly, the district court awarded Continental $590,326.87, reflecting the cost of completion and unpaid mechanics' liens within the bonds' limits, to be augmented by six percent prejudgment interest and costs. The district court did not deduct from the award the amount Systems would have been paid had it finished the various projects.

American appeals from this judgment, challenging the district court's computation of damages, determination of the date of default by Systems, inclusion of mechanics' liens as damages, the allowance of prejudgment interest, and the award of attorneys' fees. We will deal with these issues below seriatim.

---

[*] The Honorable WILLIAM C. HANSON, Senior United States District Judge for the Southern District of Iowa, sitting by designation.

Appellant contends, *inter alia*, that the district court failed to follow the mandate of this court. We agree with appellant's assertion.

■ It is beyond cavil that

the decision on former appeal is the "law of the case" on a question presented in that former appeal, unless the evidence introduced at the subsequent trial is substantially different from that considered on the first appeal, and must be followed in all subsequent proceedings in such case in both district and appellate courts, unless that decision is clearly erroneous and works manifest injustice. * * * While this rule of practice is not a limit of power, it is nevertheless a salutary one, and should be departed from only after careful consideration on situations arising in specific cases.

*Pyramid Life Ins. Co. v. Curry,* 291 F.2d 411, 414 (8th Cir. 1961), *quoting Chicago, St. P., M. & O. Ry. v. Kulp,* 102 F.2d 352, 354 (8th Cir. 1939). [*Otten v. Stonewall Insurance Co.,* 538 F.2d 210, 212 (8th Cir. 1976).]

*Quoted in Houghton v. McDonnell Douglas Corp.,* 627 F.2d 858 (8th Cir. 1980).

In directing the district court's determination of damages, we specifically directed that the district court

determine the date of Systems' breach, the cost to complete each of the bonded improvements as of that date, plus the amount of unpaid mechanics' liens thereon. *It should deduct from that total the amounts Systems would have been paid had it satisfactorily completed each of the improvements.*

*Continental Bank & Trust Co. v. Am. Bonding Co., supra,* 605 F.2d at 1057. (Emphasis supplied.)

Summarizing these directives, the district court stated that it was to

determine the date of the breach of each of the bonds, each of which was a separate undertaking, and the full amount of the completion cost on the date of the breach plus the unpaid mechanic's liens on each project covered by each bond, and from such amount must be deducted any amounts which would have been paid *by the bank* to Systems Leisure Properties, Inc. (Systems), on completion of the project.

*Continental Bank & Trust Co. v. Am. Bonding Co.,* No. 75–1095–C(C), Mem. Op. at 2–3, (E.D. Mo., filed Jan. 3, 1980). (Emphasis supplied.)

Ostensibly, the district court read our opinion to pertain to deductions based only on any contract amount owed Systems by Continental.[1]

■ Nowhere in our opinion is the deduction of contract damages so circumscribed. Nor was any new or substantially different evidence introduced mandating the district court's action in so circumscribing the deduction of damages. Such an alteration of the mandate of this court was wholly unwarranted. As this court noted, the proper measure of damages reflects the obligee's right to compensation by way of damages to put it in the position it would have occupied if the "[principal] had faithfully fulfilled its contract * * *." *Continental Bank & Trust Co. v. Am. Bonding Co., supra,* 605 F.2d at 1057, *quoting Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. D & L Construction Co.,* 353 F.2d 169, 176 (8th Cir. 1965), *cert. denied,* 384 U.S. 941, 86 S.Ct. 1462, 16 L.Ed.2d 539 (1966).

Premiums paid on the bonds obviously reflected the risk borne by the surety as premised on the estimated costs of completion as set forth in the construction agreements which were incorporated in the bonds. It would be manifestly unfair to now hold the contract price wholly irrelevant to a determination of damages and to

---

1. It is clear from our opinion that Continental had no duty, implied or express, under the loan, bond or construction agreements to pay Systems directly for any purpose.

*Continental Bank & Trust Co. v. Am. Bonding Co.,* 605 F.2d 1049, 1055 (8th Cir. 1979).

force the surety to pay for the entire cost of finishing the contract without any reimbursement of the amount due to be paid by the owner to Systems. If the surety had finished the projects it certainly would have been entitled to the remaining amount due under the contracts. The trial court and Continental seem to be making the erroneous assumption that Systems was not to be paid by anyone even if the projects had been completed pursuant to contract.

There is no question that the contract price was sufficiently ascertainable to enable the district court to compute the damages making "a corresponding adjustment in [the cost of completion] for the price which would have been paid to Systems for the remaining work." *Continental Bank & Trust Co. v. Am. Bonding Co., supra,* 605 F.2d at 1057. Once Camp Leisure Lake permitted Systems to begin performing the contract, any indefiniteness as to the contract price became definite.[2] Indeed, our previous opinion noted the rule of law that "indefiniteness can be cured by the subsequent conduct of the parties, and as in this case, once an indefinite promise has been partly or wholly performed, the contract becomes sufficiently clear and binding upon all parties." *Continental Bank & Trust Co. v. Am. Bonding Co., supra,* 605 F.2d at 1054 (citations omitted). Thus, any indefiniteness of the contract was cured by Camp Leisure Lake's part–performance in making initial payments to Systems for its work toward completion of construction of the improvements.

Since our opinion does not limit the deduction of the contract price to those sums owed by Continental, as erroneously interpreted by the district court, but merely requires the deduction of the contract price from the sum of the cost of completion and of the amount of unpaid mechanics' liens on each of the bonded improvements as of the date of default, the district court must, after an evidentiary hearing, reduce the damages accordingly by deducting the unpaid portion of the contract price established by each of the five construction agreements for the bonded improvements as hereinafter set forth.

These directions for determining damages are in accord with our previous directions to the district court. In *Continental Bank & Trust Co. v. Am. Bonding Co., supra,* 605 F.2d at 1057, we relied on *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. D & L Construction Co., supra,* 353 F.2d at 176 for our damages formula.

In *Nat'l Union* the surety refused to complete the bonded work upon the principal's default. Upon completion of the work, the obligee was held entitled to recover from the surety "compensation by way of damages to put it in the position it would have occupied if the [principal] had faithfully fulfilled its contract * * *." *Id.* To that end, the court in *Nat'l Union* directed the district court on remand to "determine the full amount of allowable completion costs and deduct therefrom the unpaid amount of the subcontract price and allow the difference to the extent that such net figure falls within the bond coverage provided."

In virtually identical language, we directed the district court on remand to:

> determine the date of Systems' breach, the cost to complete each of the bonded improvements as of that date, plus the amount of unpaid mechanics' liens thereon. It should deduct from that total the amounts Systems would have been paid had it satisfactorily completed each of the improvements. The net figure for each improvement may not exceed the face amount of the bond issued for that particular improvement.

*Continental Bank & Trust Co. v. Am. Bonding Co., supra,* 605 F.2d at 1057 (footnote omitted).

---

**2.** This issue has already been considered in determining whether there was adequate consideration to uphold the bonds, and both this court and the district court have concluded that, under the circumstances of this case, the consideration was adequate to uphold the contract. Indeed, if this contractual obligation running between Camp Leisure Lake and Systems was held a nullity, the bonds might lack the requisite consideration to be enforceable. We have already crossed that bridge.

The decision we reach today regarding the proper determination of damages is the same as that enunciated by this court in the first appeal of this case. In an effort to avert further obfuscation on this remand, however, we direct the district court on remand to follow the specific instructions set forth later in the opinion for determining damages.

The district court followed our mandate with respect to that portion of our opinion requiring it to include the amount of unpaid mechanics' liens with completion costs in computing damages. American urges that the liens should not have been included in the amount of damages, arguing that they are unperfected and that American specifically agreed to assume liability for those liens. The district court noted:

> American Bonding Company also complains in its brief about the validity of the mechanic's liens filed. Should they desire to take on the defense of these mechanic's liens and settle them and immediately assume liability for the total amount that may be ultimately granted on the mechanic's liens, then this judgment will be reduced by the amount of the mechanic's liens.

*Continental Bank & Trust Co. v. Am. Bonding Co.*, No. 75–1095–C(C), Mem. Op. at 7, (E.D. Mo., filed Jan. 3, 1980).

American then filed a timely Rule 59 motion to amend the judgment, stating that it wished to defend the mechanics' lien suits and toward that end, had filed motions for its substitution as a defendant in those suits. The district court denied the motion to amend the judgment, ordering that:

> [W]hen the American Bonding Company takes on the defense of the mechanic's lien suits and those suits are disposed of and no longer liens against the property in question, at that time the judgment will be reduced by the amount of the mechanic's liens filed which have been disposed of by American. The judgment will not be reduced on the mere statement of American Bonding Company that it intends to defend these liens and process them until such time as they are settled and disposed of.

*Continental Bank & Trust Co. v. Am. Bonding Co.*, No. 75–1095–C(C), Order at 1–2, (E.D. Mo., filed Jan. 30, 1980.)

■ We agree with the district court that the judgment should not be reduced merely because the American Bonding Company wishes to defend the liens. Since American has, however, agreed to defend those liens and has taken affirmative action toward assuming the defense of those liens by substituting itself as defendant in those suits, the judgment should be reduced by the amount of the mechanics' liens provided that the full unpaid amount of mechanics' liens be deposited with the United States District Court pending the resolution of those suits.

■ In our prior opinion we gave the district court some latitude in determining Systems' date of default, and its determination of the date of default does not appear to be clearly erroneous based upon the record adduced at the two hearings. We will not disturb, therefore, the district court's opinion as to the date of default. We likewise uphold the determination of the district court of the cost of completion of each of the five contracts as not a clearly erroneous factual determination upon the record as a whole.

To summarize, on the issue of the damages to be awarded against American Bonding Company and in favor of Continental, we make these determinations:

A. The trial court correctly held that the amount of the cost of completion of each of the projects, exclusive of mechanics' liens, was as follows:

1. $311,514.00
2. 71,479.38
3. 160,000.00
4. 88,388.42
5. None

B. From each of these amounts should be deducted the amount remaining unpaid to Systems under the construction contracts. In determining the amount remaining unpaid the trial court shall first determine the amount paid to Systems or to its

subcontractors by or on behalf of Camp Leisure Lake on each of the five projects. Additional evidence will be necessary to make that determination. After making that determination, the total amount paid for or on behalf of Camp Leisure Lake to Systems or its subcontractors, as to each of the five individual contracts, shall be deducted from the contract price on each contract to determine the amount remaining unpaid under each contract.

C. American shall deposit with the Clerk of the District Court in cash, to be placed by the Clerk in an interest bearing account, an amount sufficient to pay the face amount of all mechanics' liens, together with a written commitment to the court to promptly defend, process and pay the final judgments rendered in state court as to each of these liens.

D. The total amount of damages shall be calculated by deducting from the cost of completion of each of the first four contracts, the amount remaining unpaid under each of the first four contracts as determined pursuant to paragraphs A and B above. Provided however that the total amount of damages under each contract shall not exceed the face amount of the bond provided pursuant to that contract. Provided further that the amount unpaid under the fifth contract, not to exceed the amount deposited for the mechanic's lien payment of $12,044.76 under the contract, shall also be deducted from the total damages awarded to Continental. As mechanics' liens are finally paid, the court may, upon filing receipts by American, release to American the amount deposited with the court for that particular mechanic's lien. When all mechanics' liens have been finally paid, the court shall release to American the amount remaining in the deposit account plus accrued interest.

E. The eventual net cost to American, as to each individual contract, shall be the cost of completion of the individual contract, plus the mechanics' liens actually paid, less the unpaid portion of the contract price, not to exceed the face amount of that individual bond. The district court may make adjustments in the amount of the deposit refunded to American, if necessary, to accomplish this purpose.

Appellant also raises several issues concerning the district court's award of attorneys' fees. Those fees were based, in part, on the amount erroneously determined by the district court as the damages to be recovered on the bonds. Inasmuch as we have overturned the district court's computation of damages, it follows that the district court's award of attorneys' fees based thereon should also be vacated.[5]

We have also considered the district court's remark

> that if American Bonding Company continues to refuse to pay the judgment assessed against it and causes all parties to expend additional money on attorneys' fees, then vexatious delay in the sum of 10 percent of the total judgment and attorneys' fees expended by all parties should be assessed against American Bonding Company.

*Continental Bank & Trust Co. v. Am. Bonding Co.*, No. 75–1095–C(C), Mem. Op. at 5–6, (E.D.Mo., filed Jan. 3, 1980). Continental complains that these remarks have "chilled" the exercise of its right to appeal. Although the district court's remarks concerning vexatious delay were unwarranted, it is obvious from Continental's appeal of this case that no such dire consequences have so far ensued. While we agree with American that the legal questions raised justify its conduct in appealing the district court's ruling, there has been no finding of liability for vexatious delay and no damages as yet assessed on these grounds. Accordingly, any appeal on the issue of vexatious delay is

---

5. We do not now pass on the validity of any new award of attorneys' fees the district court may choose to make in conjunction with its reassessment of damages pursuant to the mandate of this court. We note, however, that the intervening lot owners did not appeal concern-

ing those fees and that American was not assessed separately for them. Therefore, the issue raised regarding the award of attorneys' fees is not properly before this court at this juncture except as noted above.

at this time premature and will not be entertained by this court.

Finally, we consider whether the award of prejudgment interest at six percent was appropriate under these circumstances. The district count reasoned that

> since in its original opinion the Court specifically granted the lot purchasers the right to a refund of their money plus six percent interest, it is only right and proper that the damages assessed against American Bonding Company should also include six percent interest from the date of the breach, December 31, 1974 on the water system, and December 31, 1975 on each of the remaining four bonds.

*Continental Bank & Trust Co. v. Am. Bonding Co.*, No. 75–1095–C(C), Mem. Op. at 5, (E.D.Mo., filed Jan. 3, 1980).[6]

■■■ The district court's rationale for the award comports neither with Missouri common law regarding prejudgment interest nor with logic. There is no Missouri statute authorizing interest in this type of case. *General Ins. Co. of Amer. v. Hercules Construction Co.*, 385 F.2d 13, 25 (8th Cir. 1967). Nor do any of the contracts provide for such an award. Absent statutory or contractual authorization, prejudgment interest is not generally allowed on an unliquidated claim, such as the claim at bar. Recovery of prejudgment interest may be allowed only for liquidated claims under these circumstances for an amount "readily ascertainable by computation or by determination according to a recognized standard." *Ehrle v. Bank Bldg. & Equip. Corp. of America*, 530 S.W.2d 482, 496 (Mo.App. 1975).

In *General Ins. Co. of Amer. v. Hercules Construction Co., supra*, 385 F.2d at 25, this court affirmed the district court's refusal to award prejudgment interest, finding that as in this case, the claim asserted was unliquidated. That case involved an action by a general contractor against a subcontractor's performance bond surety for damages allegedly caused by breach of the subcontract by untimely delivery of various components.

While we recognized that "equitable principles of fairness, and justice may be taken into account to allow pre–judgment interest in certain types of cases," we concluded that "this case does not fall in that category." *Id.* at 25. As in *Hercules*, we are unconvinced that an award of prejudgment interest to Continental in this case would be in the best interests of justice.

Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.

---

**6.** The award of six percent interest granted the lot purchasers has never been challenged on appeal and accordingly will not now be considered by this court.