Joseph **DONNELL**, Plaintiff,

v.

**GENERAL MOTORS CORPORATION et al., Defendant.**

**No. 74–292C(2).**

United States District Court, E. D. Missouri, E. D.

Oct. 28, 1980.

Charles R. Oldham, Frankie M. Freeman, St. Louis, for plaintiff.

James E. McDaniel, Barnard & Baer, St. Louis, Mo., for defendants General Motors.

Maurice J. Levin, Levin & Weinhaus, St. Louis, Mo., for defendants.

## MEMORANDUM

NANGLE, District Judge.

This case is now before the Court for decision on the merits following remand from the United States Court of Appeals for the Eighth Circuit. See *Donnell v. General Motors*, 576 F.2d 1292 (8th Cir. 1978) (*Donnell II*). Plaintiff brought this suit pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e–5 et seq., and 42 U.S.C. § 1981, alleging that defendants have discriminated against him on account of his race.

Upon remand, additional evidence in the form of testimony of witnesses, exhibits, and stipulations was presented to this Court sitting without a jury.[1] This Court has considered that additional evidence, as well as all the evidence presented in the previous trial of this case, and is now fully advised in the positions of the parties. The following shall constitute this Court's additional findings of fact and conclusions of law, as required by Rule 52, Federal Rules of Civil Procedure.

This Court is, of course, bound to follow the mandate of the Court of Appeals in this case.

> When a case has been decided by this court on appeal and remanded to the District Court, every question which was before this court and disposed of by its decree is finally settled and determined. The District Court is bound by the decree and must carry it into execution according to the mandate. It cannot alter it, examine it except for the purposes of execution, or give any further or other

1. Plaintiff himself also submitted through the mail to this Court various materials and arguments which he deems pertinent to this case. Though this procedure is obviously to be frowned upon, and all communication with the Court should be through attorneys, these materials were allowed to be filed. These materials were considered by this Court for what they were worth.

relief or review it for apparent error with respect to any question decided on appeal .... (citations omitted)

*Houghton v. McDonnell Douglas Corporation*, 627 F.2d 858, 864 (8th Cir. 1980), quoting from *Thornton v. Carter*, 109 F.2d 316, 319–20 (8th Cir. 1940). See, also, *Continental Bank & Trust Co. v. American Bonding Co.*, 630 F.2d 606 (8th Cir. 1980). This elementary principle is stated at this time due to plaintiff's apparent failure to grasp the limited scope of these proceedings on remand.

After the initial trial of this case, this Court made numerous findings of fact and conclusions of law. See *Donnell v. General Motors*, 430 F.Supp. 668 (E.D.Mo.1977) (*Donnell I*). The pivotal conclusion as far as this remand is concerned was that defendants' educational requirements for entry into their apprenticeship program did not have an adverse impact upon blacks. The Court of Appeals disagreed with this conclusion, and further found that the requirements were not job related. The court therefore held that defendant General Motors and defendant Local 25 of the United Automobile, Aerospace and Agricultural Implement Workers of America, due to its role in ratifying and approving the requirements, had violated Title VII.

With respect to the International Union, however, the Eighth Circuit agreed with this Court that jurisdiction was lacking under Title VII. This Court was directed on remand to consider the liability of the International Union under 42 U.S.C. § 1981. Having done so, this Court must once again conclude that the International Union is not liable to plaintiff.

■ In order to prevail under § 1981 with respect to the facially neutral educational requirements involved in this case, plaintiff must establish that the requirements were the product of a racially discriminatory purpose. *Washington v. Davis*, 426 U.S. 229, 96 S.Ct. 2040, 48 L.Ed.2d 597 (1976). Merely proving disparate impact with no business justification, as plaintiff did with respect to General Motors' and Local's liability under Title VII, is not enough. Cf. *Griggs v. Duke Power Co.*, 401 U.S. 424, 91 S.Ct. 849, 28 L.Ed.2d 158 (1971). Plaintiff has totally failed to establish any discriminatory intent on the part of any of the defendants. In fact, the evidence showed, if anything, that the apprenticeship program was initially established in an effort to increase the number of minorities in the skilled trades. With such a purpose in mind, it would make little sense to establish requirements which would intentionally exclude blacks.

With respect to the further proceedings to be held in this Court concerning plaintiff's Title VII claim, the Court of Appeals was quite specific. The court initially held that since the educational requirements have been changed, injunctive relief would be inappropriate. *Donnell II*, supra at 1301. Similarly, it held that since plaintiff no longer qualifies for the apprenticeship program, his only remedy is back pay. *Donnell II*, supra at 1301 n.18. The court was very specific in detailing the steps to be followed by this Court in determining plaintiff's entitlement to back pay:

... On remand, the District Court shall determine whether Donnell satisfied the requirement of no physical limitations at the time of his application. If it so determines, then Donnell shall be permitted to establish whether or not he can satisfactorily pass the further testing, screening and rating procedures established under the GMC–UAW Standard Apprentice Plan. If Donnell can establish satisfaction of the further requirements, then he is entitled to back pay from the date of his initial application until the date he obtained his GED and would have been entitled to proceed further with the application process. The District Court shall also determine any effect upon such an award because of his subsequent injury and resulting disability.

*Donnell II*, supra at 1301. Cf. *Continental Bank & Trust Co.*, supra.

Following these directions, this Court makes the following factual conclusions: Plaintiff initially applied for entrance into the apprenticeship program on July 8, 1970.

At that time, he was a physically fit and active person. He was doing heavy manual labor for defendant General Motors with no restrictions. He clearly satisfied the requirement of no physical limitations at this time.

■ Plaintiff has totally failed to establish that he could have satisfactorily passed the further testing, screening and rating procedures established under the plan. In fact, after remand defendants offered to administer the tests to plaintiff, but he refused to take them. The Court of Appeals clearly placed the burden on plaintiff to establish that he was fully qualified for acceptance into the plan. He has not done so. Even though a test administered at this time might not be fully reflective of what the results would have been eight or ten years ago, the results would at least be a starting point from which to judge plaintiff's qualifications. Plaintiff, however, has offered absolutely no evidence to indicate whether he could have passed the tests. Plaintiff, therefore, is not entitled to any relief in this case.

Even had plaintiff shown himself to be qualified for admittance into the apprenticeship plan, he would still not be entitled to back pay. The Court of Appeals limited the award of back pay to the period from the date of plaintiff's initial application, July 8, 1970, until the date he received his GED, November 30, 1971. During this entire period, plaintiff was earning more in his assembly line position than he would have as an apprentice. He was not damaged, therefore, during this period. *E.E. O.C. v. N. Y. Times Broadcasting Service, Inc.,* 542 F.2d 356 (6th Cir. 1976).

On this remand, plaintiff has argued that the union defendants breached their duty of fair representation. Such arguments are not now properly before this Court. After the initial trial in this case, this Court found that:

> The evidence adduced at trial totally failed to establish that defendant unions did not accept or process grievances because of plaintiff's race. The evidence also failed to establish that any of the union's actions with reference to plaintiff were hostile, discriminatory or arbitrary. *Donnell I,* supra at 670. The Court of Appeals did not disturb these findings, and the remand was not related to these findings in any way. The only mention by the Court of Appeals of these findings was in the context of saying that such findings did not exonerate the union from liability for its part in ratifying the apprenticeship plan. These findings are therefore final and these issues may not be reopened. *Houghton,* supra; *Continental Bank & Trust Co.,* supra. In any event, plaintiff has not dissuaded this Court from its earlier conclusions.

■ Finally, the appellate court directed this Court to consider the question of attorneys' fees. Defendants argue that plaintiff is not a prevailing party, since no relief is to be afforded. This Court cannot agree. Plaintiff prevailed on appeal and therefore should have prevailed in this Court originally on the issue of the validity of the educational requirements. He prevailed, of course, only as to General Motors and Local 25. Had defendants not changed the requirements on their own, declaratory and injunctive relief would have been appropriate. The fact that such relief was mooted does not negate plaintiff's entitlement to attorneys' fees. *Oldham v. Ehrlich,* 617 F.2d 163 (8th Cir. 1980); *Intern. Soc. For Krishna Consc. v. Anderson,* 569 F.2d 1027 (8th Cir. 1978); cf. *Boyd v. Ozark Air Lines, Inc.,* 419 F.Supp. 1061 (E.D.Mo.1976), aff'd 568 F.2d 50 (8th Cir. 1977). Furthermore, the clear impression of the decision of the Court of Appeals is that this Court is to award attorneys' fees. *Donnell II,* supra at 1302. Plaintiff, by prevailing on this issue, is entitled to attorneys' fees even though he has not prevailed on all issues. *Crain v. City of Mountain Home,* 611 F.2d 726 (8th Cir. 1979).

Though normally a prevailing party is entitled to attorneys' fees for work on both successful and unsuccessful issues, *Crain,* id.; *Brown v. Bathke,* 588 F.2d 634 (8th Cir. 1978), this case presents a special situation. In the normal situation, it is impossible to

segregate work spent on successful issues from that spent on unsuccessful issues. In this case, however, the time spent by plaintiff's attorney following remand was clearly on unsuccessful issues. He will not be awarded fees for this time, therefore.

■ Attorneys' fees in this case are to be awarded under the guidelines enunciated in *Johnson v. Georgia Highway Express*, 488 F.2d 714, 717–719 (5th Cir. 1974). *Donnell II*, supra at 1302. Under that approach, the award should generally not be less than the reasonable number of hours worked times a reasonable hourly fee. *Zoll v. Eastern Allamakee Community Sch. Dist.*, 588 F.2d 246 (8th Cir. 1978); *Cleverly v. Western Electric Co., Inc.*, 594 F.2d 638 (8th Cir. 1979).

■ In the initial trial of this case, plaintiff was represented by two attorneys. His lead counsel, Frankie Freeman, reasonably spent one hundred twenty hours in the conduct of this litigation; Charles Oldham, plaintiff's second attorney, reasonably spent seventeen hours on that phase of the litigation. This determination was made by considering the number of hours actually spent, the complexity of the factual investigation necessary, the novelty and difficulty of the legal issues involved, the results obtained, and the extra effort made necessary by plaintiff's own uncooperativeness and obstruction. *Johnson*, supra.

This Court further finds a reasonable hourly fee to be fifty dollars per hour. This finding is based on the experience, reputation and ability of plaintiff's attorneys, the skill necessary to properly present this case, plaintiff's attorneys' customary fees, and awards in comparable cases. The other factors mentioned in *Johnson* are not present in this case to such an extent as to call for enhancement of this fee. Plaintiff's attorneys will therefore be awarded six thousand eight hundred fifty dollars ($6,850.00) as fees.