Joseph STERTZ, et al., Plaintiffs,

v.

GULF OIL CORPORATION, Defendant,

and

Donald Hodel, Secretary of the
Department of Energy, as
Stakeholder,

and

United States of America,
Intervenor-Counterclaimant.

No. 78 Civ. 1813.

United States District Court,
E.D. New York.

April 24, 1985.

Null and Null, Banks Brown, Westbury, N.Y., for plaintiffs.

Lord, Day & Lord, John Castles, New York City, for Gulf Oil.

Barry Sheingold, Office of Gen. Counsel, Dept. of Energy, Washington, D.C., for Dept. of Energy.

Asst. U.S. Atty. Thomas Battistoni, E.D. N.Y., Brooklyn, N.Y., for U.S.

## MEMORANDUM AND ORDER

GLASSER, District Judge:

The United States Department of Energy (DOE) has moved this Court for an order pursuant to Rule 54(b) of the Federal Rules of Civil Procedure directing the Clerk of the Court to enter a judgment in favor of DOE and against Gulf Oil Corporation which includes prejudgment interest and which would grant such additional relief as will be amplified hereafter.

The history of the protracted proceedings between the parties has been set out in a Memorandum and Order dated June 14, 1984 (Slip Op. Cv. 78–1813), familiarity with which is assumed. By that Order, interest was directed to be calculated on a fund of $42.24 million at 12% per annum for the period commencing March 6, 1980 and ending March 26, 1984. The DOE seeks entry of partial final judgment on the June 14, 1984 Order and for clarification of that Order so as to provide for:

1. $24,662,490.92 which represents 12% per annum interest on the $42.24 million from March 6, 1980 to March 26, 1984 compounded annually.

2. "Prejudgment" interest at the rate of 12% per annum for lost use of the interest which has been accruing on the $24,662,-490.92 from March 26, 1984 (when Gulf

paid the $42.24 million to DOE) to June 14, 1984 (the date of the Order referred to).

3. Post-judgment interest from June 14, 1984 to the date the judgment is paid at a rate determined by 28 U.S.C. § 1961.

Gulf does not oppose the motion insofar as it seeks the entry of a judgment pursuant to Rule 54(b) Fed.R.Civ.P. Gulf does, however, contest the amounts sought to be embraced by that judgment.[1]

*Discussion*

A. *Interest from March 6, 1980 to March 26, 1984—Simple or Compound?*

█ A determination of this issue is dependent upon the intent of this Court when, in its Order of June 14, 1984, it said: "As to the rate of interest, I see no reason for departing from the 12% ordered by Judge Platt as security in the event that the injunction was wrongfully issued." (Slip op. at p. 14). The rate of interest intended was 12% per annum, not compounded. That intent reflects the general rule that, absent a contract or statute to the contrary, compound interest should not be allowed. *Cherokee Nation v. United States*, 270 U.S. 476, 490, 46 S.Ct. 428, 433, 70 L.Ed. 694 (1926). The motion of the DOE is granted and partial final judgment

is directed to be entered as to interest on $42.24 million from March 6, 1980 to March 26, 1984 at the rate of 12% per annum simple interest in the sum of $20,552,944.90.

B. *Prejudgment Interest from March 26, 1984 to June 14, 1984*

In the Order of June 14, 1984, it was observed that were it not for the overbreadth of the injunction obtained by Gulf, the right of the DOE to the $42.24 million fund would have been secured and the right to the interest earned by that fund would similarly have vested in the DOE (Slip op. pp. 13–14). It necessarily follows, therefore, that as of March 26, 1984, DOE had an interest which was vested in, at the very least, the sum of $62,792,944.90 which is the total of $42.24 million plus simple interest at 12% from March 6, 1980 to March 26, 1984.

The DOE contends it is entitled to the sum it could have earned but lost on the interest that should have been paid by Gulf on the $42.24 million. The DOE characterizes that sum as prejudgment interest and relies upon a galaxy of cases which discuss the propriety of awarding such interest. Gulf opposes such an award on a variety of grounds.

---

**1.** The Court was advised by letter dated July 18, 1984 from counsel for Gulf Oil Corporation that on June 15, 1984, a certificate of merger was filed with the Delaware Corporation Commission. The effect thereof was that Gulf became a wholly owned subsidiary of Standard Oil Of California (now Chevron). I advised the parties that pursuant to 28 U.S.C. § 455 my disqualification from presiding over future proceedings was required because my spouse has a financial interest in Chevron.

On July 30, 1984, I was advised by letter from Gulf's counsel that by virtue of a "hold-separate" agreement between the Federal Trade Commission and Chevron, Gulf maintains a separate corporate identity for operation purposes. That letter also expressed the view that given the size of Gulf and Chevron, the possibility that my spouse's equity interest in Chevron could be "substantially affected" by the proceeding was highly doubtful and that given my familiarity with the case it was hoped that I would not conclude that § 455 mandated my recusal.

Mindful of a discussion of 28 U.S.C. § 455 which recently appeared in 101 F.R.D. 373

(1984), I requested an opinion from the Judicial Ethics Committee on the following questions:
1. May I grant partial judgment under Rule 54(b) of the Fed.R.Civ.P. on my Order of June 14, 1984?
2. May I amend that Order to clarify whether interest should be simple or compound?
3. May I rule on an application for pre-judgment interest?

By letter dated October 23, 1984 from the Advisory Committee on Codes of Conduct of the Judicial Conference of the United States to which my inquiry was referred, the view was expressed that the Canons do not preclude my acting with respect to rulings made before the basis for disqualification occurred to clarify or complete the disposition of those earlier rulings. "The Rule 54(b) motion, for example, would appear intimately related to a ruling" I previously made. I am of the view that a determination with respect to interest as being simple or compound and with respect to prejudgment interest would similarly be in the nature of clarifying or completing my June 14th ruling and I will, therefore, pass upon the motion to that extent.

■ Gulf argues first, that to direct such award would be to compound interest. If, as indicated, DOE was entitled to receive the sum of $20,552,944.90 on March 26, 1984, then as of that date, it acquired the right to assert a new obligation as against Gulf, which was distinct from the rights and obligations existing between them prior to that date. That new obligation was to pay prejudgment interest which the Court could be asked to impose upon Gulf. That the obligation is a new one is made manifest by the fact that it may or may not be imposed in the exercise of judicial discretion. *See, e.g., Rolf v. Blyth, Eastman Dillon & Co. Inc.,* 637 F.2d 77, 86–87 (2d Cir.1980). Federal statute (28 U.S.C. § 1961) provides only for post-judgment interest. Although the decision whether to award prejudgment interest here is governed by federal law, federal courts look to state law in order to determine the appropriate rate. *Lodges 743 and 1746, etc. v. United Aircraft,* 534 F.2d 422, 446 (2d Cir.1975), *cert. denied* 429 U.S. 825, 97 S.Ct. 79, 50 L.Ed.2d 87 (1976). Were the Court to look to N.Y.C.P.L.R. § 5004, it would determine that the appropriate rate of interest is 9% per annum. The interest which might thus be awarded is an accretion to a sum which as of March 26, 1984 was added to and merged with the $42.24 million and lost its character for any meaningful purpose as principal or income. For these reasons, Gulf's contention that an award of prejudgment interest would be compounding interest is not persuasive.

Gulf also contends that since the amount as to which prejudgment interest is sought was unliquidated, an award of such interest would be improper. Gulf relies on *Continental Bank & Trust Co. v. American Bonding Co.,* 630 F.2d 606 (8th Cir.1980); *Mann & Parker Lumber Co. v. Wel-Dri & Moore Dry Kiln Co. of Oregon,* 579 F.2d 973 (6th Cir.1978) and *Duplate Corp. v. Triplex Safety Glass Co. of North America,* 298 U.S. 448, 56 S.Ct. 792, 80 L.Ed. 1274 (1936). The observation regarding interest in *Triplex* was *dicta* and made in the context of a complex problem of damages in a patent infringement suit. All that was

said by the Court on the issue appears at p. 459, 56 S.Ct. at p. 797: "If, however, an award of damages upon the basis of a reasonable royalty becomes appropriate again, we think that interest should run from the date when the damages are liquidated and not, as by the present decree, from the date of the last infringement." I would be loathe to formulate the general rule on prejudgment interest advanced by Gulf on the basis of that enigmatic sentence from *Triplex.*

The observation as to prejudgment interest in *American Banking* was also made in the context of a complex problem of damages and after concluding that the district court's award comported neither with Missouri statutory nor common law, the Court went on to say: "Absent statutory or contractual authorization, prejudgment interest is not generally allowed on an unliquidated claim, such as the claim at bar. Recovery of prejudgment interest may be allowed only for liquidated claims under these circumstances for an amount 'readily ascertainable by computation or by determination according to a recognized standard.'" 630 F.2d at 612. The clear distinction between the cases aside, when on March 26, 1984 Gulf transferred $42.24 million to the DOE, it could readily have ascertained, at a minimum, the amount of interest on that sum at 12% simple interest per annum. That sum, at the very least, could have been deposited in an interest bearing escrow account pending the resolution by the Court of the interest issue which was clearly contemplated by the settlement of March 20, 1984. Gulf was aware of the terms of the preliminary injunction obtained on its motion to secure the DOE against "all damages ... by reason of the preliminary injunction ... not exceeding the sum of $42.24 million plus 12% per annum interest" in the event of a final determination that Gulf was not entitled to the preliminary injunction.

■ More persuasive than *Triplex, American Bonding* and *Wel-Dri* (which is also clearly distinguishable) and more to the point than either of those cases is *Blau*

*v. Lehman,* 368 U.S. 403, 82 S.Ct. 451, 7 L.Ed.2d 403 (1962), which was an action to recover "short swing" profits earned from securities transactions and in which the Court said that "interest is not recovered according to a rigid theory of compensation for money withheld but is given in response to considerations of fairness. It is denied when its exaction would be inequitable." 368 U.S. at 414, 82 S.Ct. at 457. Given the circumstances surrounding the dispute between the parties and its litigated history to date, considerations of fairness compel me to conclude that interest should be awarded from March 26, 1984 to June 14, 1984 on the sum heretofore determined, namely, $20,552.944.90, at the rate of 9% per annum, not compounded.

I make no determination of the motion insofar as it relates to post-judgment interest. Such interest requires no judicial determination, being adequately regulated by 28 U.S.C. § 1961 and, in the event of an appeal, by Rule 37 of the Rules of Appellate Procedure. *See, e.g.,* Wright, Miller & Kane, *Federal Practice and Procedure* § 2661 at 129 and cases cited in fn. 6 and 7.

In sum, all claims between the Department of Energy (in the name of Donald Hodel, Secretary of Energy, Stakeholder, and the United States of America, intervenor-counterclaimant) and Gulf Oil Corporation, defendant, having been finally resolved in this action, and there being no just reason for delay, pursuant to Rule 54(b) Fed.R.Civ.P., the Clerk is hereby directed to enter judgment in accordance with the Memorandum and Order filed June 14, 1984 and to enter judgment dated June 14, 1984 in favor of the Department of Energy and against Gulf Oil Corporation for:

(1) $20,552,944.90 representing 12% per annum simple interest for the period commencing March 6, 1980 and ending March 26, 1984 on the sum of $42.24 million;

(2) Prejudgment interest to be calculated on the sum of $20,552,944.90 in an amount representing 9% per annum, simple interest, for the period commencing March 27, 1984 and ending June 14, 1984.

For the reasons indicated in the footnote, I hereby recuse myself with respect to any future proceedings in this case and the Clerk of the Court is also directed to refer all such proceedings to the Judge to whom it shall be reassigned in accordance with Rule 4 of the Rules for the Division of Business Among District Judges in the Eastern District.

SO ORDERED.