Ransom HARRISON, et al., Plaintiffs,

v.

DISTRICT OF COLUMBIA, et
al., Defendants.

Civ. A. No. 87–0809.

United States District Court,
District of Columbia.

May 9, 1988.

---

## MEMORANDUM AND ORDER

THOMAS F. HOGAN, District Judge.

This matter is before the Court on defendants' motion to modify the Order entered October 21, 1987, 674 F.Supp. 34, as it pertains to interest imposed on overtime owed for the period April 15, 1986, to August 1, 1986, and plaintiffs' cross-motion to modify the Order and for clarification. The Court shall deny the motion and cross-motion.

In its October 21, 1987, Order, the Court reviewed the application of the Fair Labor Standards Act (FLSA or Act), 29 U.S.C. §§ 201–209 (1982), to the District of Columbia government. The Court noted that Congress intended state and local governments, including the District of Columbia, to comply with the provisions of the Act by April 15, 1986. However, Congress explicitly delayed the requirement for *payment* of overtime until August 1, 1986.

Accordingly, the Court ruled the District government was liable for overtime not paid during this three and one-half month period, but declined to impose the usual penalty for nonpayment of overtime, which is an equal amount as liquidated damages. *See* 29 U.S.C. § 216(b). While the Court found the liquidated damages remedy inappropriate because of the "grace period" allowed by Congress, it ordered defendants to pay interest beginning August 1, 1986, when the grace period ended.

The Court ordered the interest calculated "at the rate and in the manner used by the Clerk of this court to compute post-judgment interest in the same time period." Defendants seek a modification of the interest rate, urging the Court to look to state law for the prejudgment interest rate. D.C.Code Ann. § 28–3302 (1981 & Supp. 1987) limits interest on judgments against the District of Columbia to four per cent.

Defendants find support in three cases. The first is *Jarvis v. Johnson,* 668 F.2d 740 (3d Cir.1982). *Jarvis* was decided on January 11, 1982, when federal law stated that post-judgment interest was to be calculated "at the rate allowed by State law." 28 U.S.C. § 1961 (1976). However, Congress amended § 1961, effective October 1, 1982, to provide that post-judgment interest shall be calculated from the date of the entry of the judgment, at a rate equal to the coupon issue yield equivalent (as determined by the Secretary of the Treasury) of the average accepted auction price for the last auction of fifty-two

week United States Treasury bills settled immediately prior to the date of the judgment. The Director of the Administrative Office of the United States Courts shall distribute notice of that rate and any changes in it to all Federal judges. 28 U.S.C. § 1961(a) (1982). *Jarvis* was decided when federal courts were required to look to state law to determine post-judgment interest rates; it was only logical for federal courts to look to state law to determine prejudgment interest rates. Now, when federal courts are given a different method of calculating post-judgment interest, it is equally logical for them to use that same method to calculate prejudgment interest as well.

The second case cited by defendant, *Stertz v. Gulf Oil Corp.*, 616 F.Supp. 136 (E.D.N.Y.1985), *vacated on other grounds*, 783 F.2d 1064 (Temp.Emer.Ct.App.1986), looked to state law for determination of prejudgment interest. *Lodges 743 & 1746, International Association of Machinists v. United Aircraft*, 534 F.2d 422, 446 (2d Cir.1975), *cert. denied*, 429 U.S. 825, 97 S.Ct. 79, 50 L.Ed.2d 87 (1976), was the sole authority cited by the District Court. 616 F.Supp. at 138. *Lodges 743 & 1746*, of course, was decided before the change in federal law. The Second Circuit stated, "it may be proper, as a matter of convenience, to look to state law in order to determine the appropriate rate." 534 F.2d at 446. As a footnote, the Second Circuit stated: "*Cf.* 28 U.S.C. § 1961 (1970), which provides for post-judgment interest at the rate mandated by state law." 534 F.2d at 446 n. 42. In this light, it is doubtful that *Stertz* lends any weight to defendants' argument.

Finally defendants cite *EEOC v. Wooster Brush Co. Employees Relief Association*, 727 F.2d 566 (6th Cir.1984). Under review was a 1981 decision of the District Court, *EEOC v. Wooster Brush Co.*, 523 F.Supp. 1256 (N.D.Ohio 1981). The Sixth Circuit noted that after entry of the judgment appealed from Congress amended 28 U.S.C. § 1961. The court stated:

[T]he matter of prejudgment interest remains essentially one for the discretion of the trial judge. Undoubtedly in the future, district courts may be essentially one for the discretion of the trial judge. Undoubtedly in the future, district courts may be influenced by the congressional wisdom expressed in the amendment of 28 U.S.C. § 1961(a), but we do not think that they are invariably compelled to adopt the statutory postjudgment rate in determining prejudgment interest.

727 F.2d at 579. At most, *Wooster Brush* stands for the proposition that the Court *could* look to state law to determine the rate of prejudgment interest; it cannot fairly be said to support defendants' argument that the Court *must* look to state law in establishing the prejudgment rate.

An abundance of case law supports the view that the prejudgment interest rate is discretionary. "It is well-established that where a federal court has federal question jurisdiction under 28 U.S.C. § 1331 and where the federal statute governing the substantive law is silent, the rate of prejudgment interest is discretionary with the trial court." *Amoco Production Co. v. United States*, 663 F.Supp. 998, 999–1000 & n. 2 (D.Utah 1987) (collecting cases). In a case arising under the FLSA and the Equal Pay Act, 29 U.S.C. § 206(d) (1982), the Second Circuit held that the prejudgment interest rate is discretionary and that the adjusted prime rate is appropriate. *EEOC v. County of Erie*, 751 F.2d 79, 82 (2d Cir.1984).

The District of Columbia also suggests that the federal court is bound by the D.C. Code provision limiting interest on judgments against the District to four per cent. Even if this provision applied to prejudgment interest, it would be preempted by the FLSA and 28 U.S.C. § 1961.

In response to defendants' motion, plaintiffs renewed their request for liquidated damages for the period April 15, 1986 to August 1, 1986. The Court shall again deny the request. In light of the congressional grace period, it is the Court's judgment that plaintiffs are best made whole for the District's failure to abide by the FLSA's overtime provisions during this pe-

riod by the payment of interest calculated at the rate provided by 28 U.S.C. § 1961.

The Court also shall deny plaintiffs motion to clarify the Order to include payment of post-judgment interest from the entry of partial summary judgment as to liability on October 21, 1987. Post-judgment interest is inappropriate as final judgment has not been entered.

Accordingly, it is this 9th day of May, 1988,

ORDERED that defendants' motion to modify the Order of October 21, 1987, is denied; and it is

FURTHER ORDERED the plaintiffs' cross-motion to modify the Order and for clarification is denied.